# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **JOHN D. ALLEN,** | CASE NO. 3:25 CV 794 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **C. KIRKPATRICK, et al.,** | |
| Defendants. | **MEMORANDUM OPINION AND ORDER** |

### INTRODUCTION

*Pro se* Plaintiff John D. Allen, an Ohio inmate incarcerated in the Marion Correctional Institution ("MCI"), has filed an *in forma pauperis* civil rights complaint in this case against C. Kirkpatrick and Ms. Wicks ("Defendants"), "employees of [MCI] working in the library/education department." (Doc. 6 at 1, ¶ 2).[1] Public records indicate Plaintiff was convicted in Muskingum County on one count of theft under Ohio Revised Code § 2913.02. *See State of Ohio v. Allen*, CR2024-0163 (Muskingum Cnty. Ct. of Comm. Pls.)

Plaintiff's complaint alleges a single cause of action: that "Defendants refusal to print [his] legal correspondence has denied [him] access to legal documents." *Id.* at 2, ¶ 10. Specifically, he complains that Defendants "conversed and conspired to refuse to print follow-up correspondence" he prepared and wished to send to Ohio Department of Rehabilitation and Correction ("ODRC") Director Annette Chambers Smith seeking release from prison, and to the Disciplinary Counsel of the Ohio Supreme Court asserting a grievance against the judge in his state criminal case. *See id.* at 1, ¶ 8; Docs. 6-1 and 6-2.

---

1. Plaintiff originally filed his complaint in the District Court for the Southern District of Ohio, which transferred the action here. *See* Doc. 5.

He seeks $1 million in damages.

## STANDARD OF REVIEW

District courts are expressly required under 28 U.S.C. § 1915(e) to review all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). To survive a dismissal for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissal for failure to state a claim under § 1915(e)). Detailed allegations are not required, but the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A claim has facial plausibility when the plaintiff pleads factual content allowing the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

In addition, although *pro se* pleadings are generally liberally construed and held to less stringent standards than formal pleadings drafted by lawyers (*Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), the lenient treatment accorded *pro se* plaintiffs "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must meet basic pleading requirements, and "[l]iberal construction [of pro se pleadings] does not require a court to conjure allegations on a litigant's behalf." *Martin v.*

2

*Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (citing *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

## DISCUSSION

Upon review, the Court finds that Plaintiff's complaint must be dismissed in accordance with § 1915(e).

Liberally construed, Plaintiff's complaint implicates his right under the First Amendment of access to the courts. Although prisoners have a constitutional right of access to the courts, including a right of access to legal materials, *see Bounds v. Smith*, 430 U.S. 817, 821 (1977), this right is not unlimited, *see Lewis v. Casey*, 518 U.S. 343, 349 (1996). In order to allege a constitutional violation, a plaintiff must show that he suffered "an actual injury to existing or contemplated litigation" as a result of being denied access to legal resources. *Courtemanche v. Gregels*, 79 F. App'x 115, 117 (6th Cir. 2003). A plaintiff must plead and demonstrate that his lack of access to legal resources actually hindered his efforts to pursue a non-frivolous legal claim. *See Lewis*, 518 U.S. at 351-53 (1996); *Clark v. Corr. Corp. of Am.*, 113 F. App'x 65, 68 (6th Cir. 2004) (affirming *sua sponte* dismissal of a prisoner's claim of denial of access to the courts where the prisoner "offered no factual allegation suggesting that defendants prevented him from presenting a non-frivolous claim").

Further, the Supreme Court has strictly limited the types of legal claims that the right of access to the courts applies. A prisoner's right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus applications, and civil rights actions challenging the conditions of his confinement. *See Courtemanche*, 79 F. App'x at 117; *see also Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc) (a prisoner's constitutional right to access the courts extends only "to direct appeals, habeas corpus applications, and civil rights claims").

Accordingly, to state a claim, a plaintiff must allege "specific facts showing that he suffered prejudice" to a nonfrivolous direct appeal, habeas corpus application, or civil rights action challenging the conditions of his confinement as a result of a prison official's refusal to provide him legal resources. *See McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) (citing *Jackson v. Gill*, 92 F. App'x 171, 173 (6th Cir. 2004)).

Here, even accepting as true Plaintiff's allegations that "Defendants conversed and conspired to refuse to print follow-up correspondence" he wished to mail to the ODRC Director and the Ohio Supreme Court Disciplinary Counsel, his complaint fails to state an actionable constitutional access-to-the-courts claim because he has not alleged or explained in his complaint that, or how, Defendants' alleged conduct in refusing him copies of the correspondence he sought caused him to suffer "actual injury" in an effort to pursue a non-frivolous direct appeal in his criminal case, a habeas corpus application, or a civil rights action challenging the conditions of his confinement. *See McCurtis*, 76 F. App'x at 634 (affirming dismissal of a prisoner's access to the court claim where the prisoner failed "to allege the exact nature of his frustrated claims, whether he actually had pending cases which were dismissed, or why he was unable to proceed on [the] alleged claims"); *see also Clark*, 113 F. App'x at 68 (affirming dismissal of prisoner complaint where prisoner "offered no factual allegation suggesting that defendants prevented him from presenting a non-frivolous claim"). And neither of the documents on their face (Docs. 6-1 and 6-2) plausibly suggest he suffered such an injury.

Accordingly, Plaintiff's complaint fails to allege a plausible constitutional access-to-the-courts claim.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Complaint be, and the same hereby is, DISMISSED pursuant to 28 U.S.C. § 1915(e); and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

                                                   s/ *James R. Knepp II*
                                                UNITED STATES DISTRICT JUDGE

Dated: July 22, 2025